UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

NYPD; MONTEFIORE; CITY OF NEW YORK (HRA); UNITED STATES SD COURT; NYC MTA,

                Defendants.

20-CV-0417 (CM)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651 AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 WHY FILING RESTRICTIONS SHOULD NOT BE IMPOSED

COLLEEN McMAHON, Chief United States District Judge:

Because of Plaintiff's history of vexatious and frivolous litigation in this Court, on November 7, 2019, the Court barred Plaintiff from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). The Court also warned Plaintiff that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *Id.*

Plaintiff files this new *pro se* case, seeks IFP status, and has not sought leave from the Court. The Court therefore dismisses this action without prejudice for Plaintiff's failure to comply with the November 7, 2019 order.

A. **Post-Bar Order Litigation History**

Undeterred by the Court's November 7, 2019 order, Plaintiff has continued to file frivolous actions in this Court, without first obtaining permission from the Court to do so. From November 8, 2019, through January 21, 2020, Plaintiff has filed, including this action, 43 new actions, all of which have been dismissed without prejudice for Plaintiff's failure to comply with the November 7, 2019 order. *See, e.g., Frost v. NYPD*, ECF 1:20-CV-0522, 4 (S.D.N.Y. Jan. 22, 2020); *Frost v. City of New York (HRA)*, ECF 1:20-CV-305, 4 (S.D.N.Y. Jan. 14, 2020) (dismissing action without

prejudice for Plaintiff's failure to comply with the November 7, 2019 order); *Frost v. US SD Court*, ECF 1:20-CV-0250, 3 (S.D.N.Y. Jan, 13, 2020) (same); *Frost v. Whole Foods Market*, ECF 1:20-CV-0234, 4 (S.D.N.Y. Jan. 14. 2020) (same); *Frost v. City of New York (HRA)*, ECF 1:20-CV-0133, 4 (S.D.N.Y. Jan. 9, 2020); *Frost v. City of New York (HRA)*, ECF 1:20-CV-0084, 4 (S.D.N.Y. Jan. 6, 2020) (same).

**B.     Filing Restrictions**

It is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993). A court's power to restrict the litigation of abusive and vexatious litigants is an "'ancient one'" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act. *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)). The Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings." *In re Martin-Trigona*, 9 F.3d at 228. In addition, the Court has the power to impose further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. *See* Fed. R. Civ. P. 11. But "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (citation and internal quotation marks omitted)).

2

Because of Plaintiff's well-documented, repeated, abusive, bad-faith, and vexatious litigation in this Court and the Court's need to deter further abuse, the Court directs Plaintiff to show cause in writing, within fifteen days of the date of this order, why the Court should not enter an order requiring Plaintiff to seek permission to file any new action she seeks to file in this Court.

To seek permission, Plaintiff must:

a)  Submit a motion titled "Motion for Leave to File" that explains why she should be permitted to file the new action or proceeding and why this Court is a proper venue for the action or proceeding;

b)  Attach a copy of the order that imposes the filing restrictions;

c)  Include either (i) the full filing fees or (ii) a request to proceed without prepayment of fees; and

d)  Include a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

Within fifteen days of the date of this order, Plaintiff must submit to this Court a written declaration setting forth good cause why the Court should not impose these filing restrictions upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why these filing restrictions should not be imposed, all of the above filing restrictions will be imposed. The Court will further direct the Clerk of Court not to open as new civil actions Plaintiff's submissions that do not comply with the above filing restrictions. **Any filings that Plaintiff submits that do not comply with the above filing restrictions will be discarded.**

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1]

---

[1] Plaintiff has consented to receive electronic service. (ECF No. 3.)

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff is granted fifteen days to show cause why the Court should not impose the above filing restrictions. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 27, 2020
       New York, New York

                                              COLLEEN McMAHON
                                       Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| Executed on (date) | Signature |
| Name | Prison Identification # (if incarcerated) |
| Address   City | State   Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |