UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

NYPD; MONTEFIORE; CITY OF NEW YORK (HRA); UNITED STATES SD COURT; NYC MTA,

                Defendants.

20-CV-0417 (CM)

ORDER IMPOSING FILING RESTRICTIONS UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    Because of Plaintiff's history of vexatious and frivolous litigation in this Court, on November 7, 2019, the Court barred Plaintiff from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). The Court also warned Plaintiff that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *Id.*

    Undeterred by the Court's November 7, 2019 order, Plaintiff has continued to file frivolous actions in this Court, without first obtaining permission from the Court to do so. From November 8, 2019, through February 12, 2020, Plaintiff has filed, including this action, 60 new actions, many of which have been dismissed without prejudice for Plaintiff's failure to comply with the November 7, 2019 order. *See, e.g.*, *Frost v. NYPD*, ECF 1:20-CV-0522, 4 (S.D.N.Y. Jan. 22, 2020) (dismissing action without prejudice for Plaintiff's failure to comply with the November 7, 2019 order); *Frost v. City of New York (HRA)*, ECF 1:20-CV-0305, 4 (S.D.N.Y. Jan. 14, 2020) (same); *Frost v. US SD Court*, ECF 1:20-CV-0250, 3 (S.D.N.Y. Jan, 13, 2020) (same); *Frost v. Whole Foods Market*, ECF 1:20-CV-0234, 4 (S.D.N.Y. Jan. 14. 2020) (same); *Frost v.*

*City of New York (HRA)*, ECF 1:20-CV-0133, 4 (S.D.N.Y. Jan. 9, 2020) (same); *Frost v. City of New York (HRA)*, ECF 1:20-CV-0084, 4 (S.D.N.Y. Jan. 6, 2020) (same).

By order dated January 27, 2020, the Court dismissed this action without prejudice for Plaintiff's failure to comply with the November 7, 2019 order and directed Plaintiff to show cause in writing, within 15 days, why the Court should not enter an order requiring Plaintiff to seek permission to file any new action she seeks to file in this Court. Plaintiff has not responded to the Court's January 27, 2020 order, but she did file 13 new actions.

Plaintiff is now required to seek permission to file any new action in this Court. To seek permission, Plaintiff must:

a) Submit a motion titled "Motion for Leave to File" that explains why she should be permitted to file the new action or proceeding and why this Court is a proper venue for the action or proceeding;

b) Attach a copy of this order;

c) Include either (i) the full filing fees or (ii) a request to proceed without prepayment of fees; and

d) Include a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for Plaintiff's failure to comply with the November 7, 2019 order.

Plaintiff is required to seek permission to file any new action in this Court. To seek permission, Plaintiff must:

a) Submit a motion titled "Motion for Leave to File" that explains why she should be permitted to file the new action or proceeding and why this Court is a proper venue for the action or proceeding;

b) Attach a copy of this order;

c) Include either (i) the full filing fees or (ii) a request to proceed without prepayment of fees; and

d) Include a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

**The Clerk of Court is directed not to accept any complaint from Plaintiff unless she complies with the above requirements.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 14, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge